UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Keiton Smith, <br><br> Plaintiff <br><br> v. <br><br> Nevada Department of Corrections, *et al.*, <br><br> Defendants | Case No. 2:22-cv-00872-CDS-EJY <br><br> **Order Denying Plaintiff's Emergency Motions for Injunctive Relief and Clarification** <br><br> [ECF Nos. 12, 13] |

  Pro se plaintiff Keiton Smith brings this civil-rights lawsuit to redress constitutional violations he alleges he suffered while he was incarcerated at Warm Springs Correctional Center. On August 4, 2022, I screened Smith's complaint, allowing his First Amendment retaliation and Eighth Amendment medical-indifference claims to proceed and staying this action to allow the parties an opportunity to settle the lawsuit. ECF No. 7 at 17–18. On September 6, 2022, the magistrate judge ordered the parties to mediate with a court-appointed mediator and scheduled that mediation to occur on December 9, 2022. ECF No. 10.

  On November 7, 2022, Smith filed an emergency motion for a preliminary injunction seeking: (1) timely receipt of pain medication, (2) to start pre-operation procedures for surgery, (3) to be protected from retaliation, and (4) for the court to issue monetary sanctions against correctional officers who purportedly delayed and hindered Smith's medical care. ECF No. 12. Three days later, Smith filed a "motion for clarification," stating that the standard 14-day response and 7-day reply times for his injunctive-relief motion were too long because he needs immediate relief. ECF No. 13.

I. **Legal standard**

  Restraining orders and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The legal standard for obtaining a temporary restraining order and the legal standard for obtaining a preliminary injunction are "substantially identical." *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d

832, 839 n.7 (9th Cir. 2001), *overruled on other grounds by Winter*, 555 U.S. at 20. The United States Supreme Court clarified the standard for these forms of equitable relief in *Winter v. Natural Resources Defense Council, Inc.*, instructing that the plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction [or restraining order] is in the public interest." 555 U.S. at 20. The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

A plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining the status quo during litigation—bears a "doubly demanding" burden: "[he] must establish that the law and facts *clearly favor* [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). The Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* (internal quotations omitted). Additionally, the Prison Litigation Reform Act (PLRA) instructs that any restraining order or preliminary injunction granted with respect to prison conditions "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Finally, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims in the underlying complaint itself." *Id.* The necessary connection exists "where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945)).

## II. Discussion

After reviewing Smith's injunctive-relief motion, I find that it is deficient at this time because it does not address the relevant legal standards for this extraordinary remedy and because there is a lack of evidence supporting Smith's request. Further, an injunctive-relief motion is not the proper vehicle for a request for monetary sanctions. And, Smith's request for monetary sanctions is not properly supported.

Smith has alleged a colorable First Amendment retaliation claim. But the act of retaliation outlined in Smith's motion is about a different event that occurred well after Smith filed his complaint in this action. And it involves a person who is not a defendant in this action. Consequently, there isn't a sufficient nexus between Smith's complaint and his motion for injunctive relief. What remains are Smith's requests for an order requiring timely receipt of pain medication and to be scheduled for pre-operative appointments or procedures. I do not take motions about inadequate medical care lightly. But I am not persuaded that an injunction should issue about these matters based on this record, nor am I convinced that emergency treatment of the motion is warranted at this time.

Smith does not provide any evidence—like medical records or a sworn declaration stating facts—to support his request for a preliminary injunction. Smith, in fact, did not even sign either of his pending motions. *See* ECF No.12 at 3; 13 at 2. Smith does not identify what medications are late, nor does he identify what pre-operative procedures he wants scheduled. Moreover, it appears that Smith saw a nurse when he filed an emergency grievance about his back pain and declined to go to the infirmary because he did not believe she was being truthful in stating that he would have to wait because other prisoners were waiting to be seen, too.

I therefore deny Smith's motion for a preliminary injunction and his subsequent request to proceed on an emergency basis. But I recognize that Smith is proceeding in this action pro se, so he might not have easy access to his medical records due to his incarceration. I therefore direct the Nevada Department of Corrections (NDOC) to provide Smith with a copy of his medical records relevant to his alleged back-pain condition, including any medications he has been prescribed and any doctor's treatment orders. And I direct that Smith be allowed to keep

copies of those records in his cell.

III.   **Conclusion**

IT IS THEREFORE ORDERED that Smith's motion for a preliminary injunction **[ECF No. 12] is DENIED** without prejudice.

IT IS FURTHER ORDERED that Smith's motion to hear his injunction motion on an emergency basis **[ECF No. 13] is DENIED** without prejudice.

IT IS FURTHER ORDERED that the NDOC must provide Smith with a copy of his medical records relevant to his alleged back-pain condition—including any medications he has been prescribed and any doctors treatment orders—and allow Smith to keep copies of those records in his cell. The NDOC must provide him with these records no later than December 2, 2022, so that Smith may review them before the parties' scheduled mediation.

DATED this November 15, 2022.

_____
Cristina D. Silva
United States District Judge