UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Keiton Smith,<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>Nevada Department of Corrections, et al.,<br><br>　　　　　　　Defendants | Case No. 2:22-cv-00872-CDS-EJY<br><br>**Order Granting Motion for Reconsideration**<br><br>[ECF No. 15] |

　　　　This is a civil-rights action involving incarcerated pro se plaintiff Keiton Smith, the Nevada Department of Corrections (NDOC), and several of its doctors and officials. Smith recently sought injunctive relief related to his ongoing back pain, and I denied that request without prejudice because he did not provide sufficient evidence—like medical records or a sworn declaration—supporting his motion. ECF Nos. 12, 14. In denying such relief, I ordered interested party the Nevada Department of Corrections (NDOC) to provide Smith with a copy of his medical records relevant to his alleged back-pain condition—including any medications he has been prescribed and any doctors' treatment orders—and to allow Smith to keep copies of those records in his cell. ECF No. 14 at 4.

　　　　Two days ago, the NDOC filed a motion for reconsideration of my order, arguing that Smith should not be allowed to keep copies of his records in his cell because it would violate Administrative Regulation (AR) 639[1] and would threaten the prison's safety and security. ECF No. 15. The time for Smith to respond has not yet expired, but in light of the approaching Inmate Early Mediation Conference that is scheduled one week from today, I decide the reconsideration

---

[1] I denied Smith's motion to compel without requiring a response from the NDOC. Thus, the NDOC did not have a prior opportunity to apprise this court of AR 639.

motion on an expedited basis. *See* ECF No. 10 (setting mediation for December 9, 2022). Because the NDOC has shown sufficient cause for reconsideration of the portion of my order directing Smith to be able to keep his medical records in his cell, I grant the NDOC's motion and strike that portion of the order from the record.

Under Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood.").

The NDOC attaches to its motion a copy of AR 639,[2] which prohibits inmates from possessing their medical records in their cells. *See* ECF No. 14-1 at 5–6 ("[a]n offender is prohibited from possessing any portion of their medical file on their person, in their cell, or on the yard."). The NDOC explains that AR 639 was modified in July 2021, and before that modification, an exception existed which allowed inmates to "possess a copy of their medical records in their cell for litigation purposes." ECF No. 15 at 4. But "[a]s of July 27, 2021, inmates are not provided such an exception." *Id.* The NDOC further represents that "allowing Smith to possess copies of his medical records in his cell poses a risk to safety and security within the institution" because "NDOC could be subject to liability for failure to follow HIPAA" and because "other inmates could have access to Smith's confidential information without his consent or knowledge." *Id.* at 4–5. Finally, the NDOC explains that Smith may request to review his medical records "by filing a kite, stating that the review is for litigation purposes," and that "[u]pon receipt of such a request, institutional staff take 'all efforts . . . to make the records

---

[2] In the future, the NDOC is kindly reminded to comply with Local Rule IA 10-1, requiring that "[d]ocuments filed electronically must be filed in a searchable Portable Document Format (PDF)" when possible. LR IA 10-1(b).

available within 3–5 working days from the date of the request.'" *Id.* at 5 (quoting AR 639.03.4.A.a).

I find that the NDOC has stated with sufficient particularity the points of law that merit reconsideration under these circumstances. The modification to AR 639 renders inappropriate the court's previous order directing Smith to be provided with a copy of his medical records which would be kept in his cell. To the extent that my previous order directed the NDOC to take action that would violate AR 639, that portion of the order is stricken, and the NDOC's reconsideration motion is granted. The court's intent in directing the NDOC to provide Smith with his medical records was to adequately prepare Smith for the upcoming mediation so it is as effective and efficient as possible. Keeping with that intent, I direct the NDOC to file a certification before next week's mediation that Smith has had adequate time (with information regarding the amount of time provided to him) to review his pertinent medical records and take notes, as needed.

**Conclusion**

IT IS THEREFORE ORDERED that the NDOC's motion for reconsideration **[ECF No. 15] is GRANTED**, and the portion of my previous order [ECF No. 14] ordering the NDOC to allow Smith to keep his medical records in his cell is VACATED and STRICKEN.

IT IS FURTHER ORDERED that the NDOC must file a certification with the court before next week's mediation conference that Smith has had adequate time to review his pertinent medical records and take notes, as needed.

DATED: December 2, 2022

_____
Cristina D. Silva
United States District Judge

3