UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEITON SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NDOC, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-00872-CDS-EJY<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motions for Appointment of Counsel. ECF Nos. 6, 19. Plaintiff's requests for appointment of counsel are based on the following grounds: this is a medical case, but Plaintiff does not understand medical terminology; Plaintiff's confinement means it will be easier for an attorney to obtain evidence like his medical records; and other prisoners have helped Plaintiff prepare his documents in this action. *Id.*

As a general proposition, a civil litigant has no right to counsel. *Lassiter v. Dep't of Social Services of Durham Cnty.*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Court finds that Plaintiff fails to establish the extraordinary circumstances to support appointment of counsel. Plaintiff does not explain why other prisoners wrote his motion and affidavit and helped prepare his First Amended Complaint. However, the lack of adequate legal knowledge, even assuming a case is legally complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 F. App'x

297, 299 (9th Cir. 2016). And, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989); *see also Perez v. Nash*, Case No. 21-cv-00075-RFB-VCF; *Wood v. Housewright,* 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute exceptional circumstances).

Moreover, Plaintiff has articulated colorable First Amendment retaliation and Eighth Amendment medical-needs claims. In doing so, Plaintiff clearly explained his medical circumstances despite not understanding medical terminology. However, this action is still in the screening stage, and based on the limited record that has been developed, the Court does not find that Plaintiff's claims are legally or factually complex or that he is likely to succeed on their merits.

Finally, Plaintiff's generalized arguments that he has limited access to the law library and it will be easier for an attorney to conduct discovery are not extraordinary circumstances. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Id.* Finally, the record belies Plaintiff's concern that he will not be able to access his medical records without an attorney's help. *Compare* ECF No. 16 at 3 (ordering the Nevada Department of Corrections to provide Plaintiff "adequate time to review his pertinent medical records and take notes, as needed"), *with* ECF No. 17 (showing Plaintiff was given time to review his medical records on December 5, 2022).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motions for Appointment of Counsel (ECF Nos. 6, 19) are DENIED.

DATED this 27th day of February, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE