UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEITON SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NDOC, *et al.*,<br><br>　　　　Defendants. | Case No. 2:22-cv-00872-CDS-EJY<br><br>**ORDER** |

On August 4, 2022, the Court entered a screening order regarding Plaintiff's First Amended Complaint. ECF No. 7. The Court ordered (1) the operative pleading is the First Amended Complaint ("FAC") (ECF No. 5 at 17–90), (2) Plaintiff's state-law claims for intentional infliction of emotional distress, negligence, concert of action, conspiracy, aiding and abetting, medical malpractice, and medical negligence were dismissed from the FAC without prejudice and without leave to amend because amendment in federal court would be futile, (3) Plaintiff's First Amendment retaliation claim was to proceed against defendant Kerry only, (4) Plaintiff's Eighth Amendment claim for deliberate medical indifference was to proceed against defendants Naughton, Lorenzo, Mcbec, Cheryl, and Kerry, and this claim could proceed against Doe Doctors A, B, C, and D and Doe Nurse C when Plaintiff learns their true names and obtains leave of Court to substitute them as defendants, (5) Plaintiff's Fourteenth Amendment claim for denial of grievance procedures was dismissed without prejudice. Thereafter, motion practice ensued and a mediation was held on February 17, 2023. The mediation was unsuccessful. ECF No. 31. Plaintiff twice before has filed Motions for Appointment of Counsel (ECF Nos. 6 and 19) both of which were denied. ECF No. 33. Plaintiff recently filed a third Motion for Appointment of Counsel (ECF No. 34) and a Motion for Clarification (ECF No. 35) relating to the denial of his prior motions seeking appointment of pro bono counsel.

As was explained to Plaintiff, as a general proposition, a civil litigant has no right to counsel. *Lassiter v. Dep't of Social Services of Durham Cnty.*, 452 U.S. 18 (1981); *Storseth v.*

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005). When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). By way of clarification, the Court previously found Plaintiff failed to establish the extraordinary circumstances to support appointment of counsel. Plaintiff did not explain why other prisoners wrote his motion and affidavit and helped prepare his First Amended Complaint. However, the lack of adequate legal knowledge, even assuming a case is legally complex, is not an exceptional circumstance "in light of the legal competence of most prisoners in similar situations." *Zamaro v. Moonga*, 656 Fed.Appx. 297, 299 (9th Cir. 2016). Further, "the Constitution does not require the elimination of all economic, intellectual, and technological barriers to litigation." *Sands v. Lewis*, 886 F.2d 1166, 1169 (9th Cir. 1989); *see also Perez v. Nash*, Case No. 21-cv-00075-RFB-VCF; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (finding that prisoner litigants' lack of a legal education does not constitute exceptional circumstances). Although, Plaintiff articulated colorable First Amendment retaliation and Eighth Amendment medical-needs claims, he has also clearly explained his medical circumstances despite not understanding medical terminology. These are the reasons Plaintiff's prior Motions for Appointment of Counsel were denied.

Plaintiff's current Motion for Appointment of Counsel reiterates that Plaintiff is unable to afford counsel, concludes "[t]he issues involved in the case are … complex," Plaintiff's access to the law library is limited, and his access to his records are limited. Plaintiff's generalized arguments that he has limited access to the law library and it will be easier for an attorney to conduct discovery are not extraordinary circumstances. "Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "If all that was required to establish successfully the complexity of the relevant issues was

a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Id*. The Court's prior orders also establish that the record in this case belies Plaintiff's concern that he will not be able to access his medical records without an attorney's help. *Compare* ECF No. 16 at 3 (ordering the Nevada Department of Corrections to provide Plaintiff "adequate time to review his pertinent medical records and take notes, as needed"), with ECF No. 17 (showing Plaintiff was given time to review his medical records on December 5, 2022).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel (ECF No. 34) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Clarification (ECF No. 35) is GRANTED consistent with the information above.

DATED this 2nd day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE