UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Keiton Smith,

                Plaintiff

v.

Nevada Department of Corrections, et al.,

                Defendants

Case No. 2:22-cv-00872-CDS-EJY

**Order Denying Motions for Preliminary Injunction and Reconsideration**

[ECF Nos. 20, 23]

      Incarcerated pro se plaintiff Keiton Smith brings this civil-rights lawsuit under 42 U.S.C. § 1983 against the Nevada Department of Corrections (NDOC) and various prison doctors and officials for First Amendment retaliation and deliberate indifference to his medical needs. ECF Nos. 7, 8. He moves for reconsideration of my decision to vacate part of a prior order in which I instructed prison staff to permit Smith to keep a copy of his medical records in his cell. ECF Nos. 14, 16, 20. Smith also moves for a preliminary injunction, but it is unclear what relief he seeks. ECF No. 23. I ordered NDOC to file a response to Smith's injunction motion; it did so, along with filing some of Smith's medical records under seal. ECF Nos. 25, 26, 28, 30. The parties participated in a mediation conference on February 17, 2023, but no settlement was reached. ECF No. 31. Because Smith fails to present any new evidence or demonstrate that my decision to vacate a prior order was clearly erroneous, I deny his motion for reconsideration. And because Smith does not address the *Winter* factors—and it appears from his medical records that he is receiving medical treatment, despite his contrary assertions—I deny his motion for a preliminary injunction.

I.       **Smith fails to show how my order vacating a portion of my prior order was clearly erroneous.**

In November 2022, I denied another of Smith's injunctive-relief motions but ordered NDOC to allow Smith to keep copies of his medical records in his cell. ECF No. 14. Shortly thereafter, NDOC moved for reconsideration of that order, arguing that Administration Regulation (AR) 639 prohibits inmates from possessing their medical records in their cells. ECF Nos. 15, 15-1. Upon reconsideration, I vacated that portion of my order, concluding that such relief was improper based on AR 639 and the identified risks to prison security. ECF No. 16. Smith argues that I should reconsider my decision to vacate that portion of the prior order, as he was deprived of an opportunity to respond to NDOC's motion for reconsideration because I ruled on it before he could file a response. ECF No. 20 at 1. He also objects to NDOC's policies surrounding inmates' access to their medical records. *Id.* at 2. The defendants have not responded to Smith's motion.[1]

Under Federal Rule of Civil Procedure 59(e), "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also* LR 59-1(a) (noting that "[a] party seeking reconsideration under this rule must state with particularity the points of law or fact that the court has overlooked or misunderstood").

Smith's motion fails to present any of the "highly unusual circumstances" that would warrant reconsideration of my prior decision. Smith is correct that I ruled on the defendants'

---

[1] Presumably, the defendants did not respond to Smith's motion because at the time, they had not been served in this case. They have since been served. ECF No. 37. Ordinarily, "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). But the defendants were not yet "parties" at the time Smith filed his motion because they had not yet been served with process. So I decline to consider their lack of response as a consent to the granting of the motion.

2

motion for reconsideration without giving him the opportunity to respond. But I did so on an expedited basis in the interest of preserving the prison's safety and security and because Smith's response would not have changed the fact that AR 639 prohibits inmates from keeping medical records in their cells. *See* Fed. R. Civ. P. 1 (directing that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding"). And to the extent that Smith takes issue with NDOC's policies surrounding inmates' access to their medical records, a motion for reconsideration is not the proper vehicle in which to raise that argument. *See* LR 59-1(b) (identifying motions for reconsideration as a means to correct the court's misunderstanding or overlooking of a factual or legal issue and describing such motions as "disfavored"). Because Smith does not state with particularity the points of law or fact that I overlooked or misunderstood in my order (ECF No. 16), and because of AR 639's express prohibition on inmates possessing their medical records in their cells, I deny his motion for reconsideration.

**II.     Smith fails to show that he is entitled to injunctive relief.**

In his motion seeking an emergency injunction, Smith explains that he has gone "almost two months without pain pills" and states that he needs "help and assistance" because his "health and welfare is not being considered [a] priority." ECF No. 23 at 1. He notes that he received an MRI in December 2021, but that the CD with those MRI results is "missing." *Id.* NDOC responds that Smith "falls well short of demonstrating why the instant motion should be granted" because he "fails to address any of the *Winter*[] factors and how those factors weigh in his favor." ECF No. 26 at 2. NDOC further argues that "it is difficult . . . to discern any argument for a specific injunction [that Smith] seeks." *Id.*

A party seeking an injunction must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008)).

The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

Smith's motion fails to address any of the aforementioned requirements. Further, as NDOC points out, it is unclear from his motion what relief Smith seeks. Consequently, I cannot properly analyze whether injunctive relief is warranted here. To the extent that Smith seeks medical treatment, it appears from the sealed medical records that he has, in fact, been receiving treatment and that he did not appear for one appointment. *See generally* ECF No. 28-3 (listing details about Smith's appointments with various doctors and medical professionals in 2022); ECF No. 28-5 at 2 (showing that Smith did not show up for an appointment in November 2022 about a prescription and an "order for [an] egg crate mattress"). As NDOC notes, "a review of the record illustrates that [] NDOC ha[s] been continually providing medical care to Smith throughout his incarceration." ECF No. 26 at 4. As a result, I deny Smith's motion for an emergency injunction.

III. Conclusion

IT IS THEREFORE ORDERED that Smith's motion for reconsideration [ECF No. 20] is DENIED.

IT IS FURTHER ORDERED that Smith's emergency motion for a preliminary injunction [ECF No. 23] is DENIED.

DATED: April 10, 2023

_____
Cristina D. Silva
United States District Judge