UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEITON SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NDOC, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:22-cv-00872-CDS-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Fourth Motion for Appointment of Counsel.  ECF No. 61.[1] In his Motion Plaintiff contends he is having difficulty spending the necessary time reviewing his case file due to the schedule and operations of Southern Desert Correctional Center ("SDCC").  *Id.* at 1-2.  Plaintiff also says he is scheduled to have back surgery "soon" and will not be able to adequately and timely prosecute his case while he recovers.  *Id.* at 2.  Plaintiff contends he was approved for the surgery on April 5, 2023.  *Id.*

As was explained to Plaintiff in prior Court Orders, as a general proposition a civil litigant has no right to counsel.  *Lassiter v. Dep't of Social Services of Durham Cnty.*, 452 U.S. 18 (1981); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  A court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005).   When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  However, neither of these facts is dispositive although they must be viewed together before reaching a decision on a request for counsel under Section 1915(d).  *Wilburn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Plaintiff's request for appointment of counsel on the grounds that he has been unable to

---

[1] A Notice of Corrected Image of Plaintiff's Motion appears at ECF No. 62.  The filings are identical.

review his case file is denied. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case." *Id*. "If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Id*. While the Court sympathizes with Plaintiff's inability to spend as much time as he would like reviewing his case file, his time restrictions at SDCC, shared by every other prisoner, do not support extraordinary circumstances warranting appointment of counsel.

The Court further finds Plaintiff's planned back surgery does not, by itself, support appointment of counsel. ECF No. 61 at 2. Plaintiff has articulated colorable First Amendment retaliation and Eighth Amendment medical-needs claims. ECF No. 7 at 17. In doing so, Plaintiff clearly explained his medical circumstances despite not understanding medical terminology. Although discovery in this action commenced only on June 1, 2023, based on the record available, the Court finds no support for Plaintiff's assertion that his claims are legally or factually complex or that he is likely to succeed on their merits. While the Court sympathizes with Plaintiff's upcoming recovery from back surgery, appointment of counsel is not warranted at this stage of the proceedings. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (holding that an incarcerated plaintiff's recent surgery, despite causing challenges to the prosecution of his case, was not enough on its own to warrant appointment of counsel).

If, after Plaintiff's back surgery Plaintiff believes his ability to conduct discovery is impaired, Plaintiff may seek either a stay of discovery during his recovery or an extension of discovery deadlines. Plaintiff **must**, however, meet and confer with Defendants before filing such a request because if Defendants agree to Plaintiff's proposal the stay or extension can be brought as a stipulation (which, if requested to do so by Plaintiff, Defendants might be willing to draft). To initiate a meet and confer with defense counsel, Plaintiff should mail a letter asking such counsel to set a time and date for a telephone call through SDCC during which time Plaintiff can make his proposal and either obtain agreement or rejection from Defendants. If Defendants reject

Plaintiff's proposal, Plaintiff should ask why defense counsel will not agree. Plaintiff must provide this information to the Court in any motion to extend or to stay discovery Plaintiff files.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Fourth Motion for Appointment of Counsel (ECF No. 61) is DENIED.

DATED this 12th day of June, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3