UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Keiton Smith,

            Plaintiff

v.

Nevada Department of Corrections, et al.,

            Defendants

Case No. 2:22-cv-00872-CDS-EJY

**Order Denying Plaintiff's Motion for an Injunction and Ordering Defendants to Show Cause**

[ECF No. 63]

      Incarcerated pro se plaintiff Keiton Smith brings his third motion seeking injunctive relief in this case.[1] ECF No. 63. He requests that I order pain medication for his ongoing back and leg pain and to receive medical attention. I previously denied his similar request because his 2022 medical records, filed under seal, seemed to indicate that he was receiving medical treatment. While he does not address the requisite injunction factors in his request or those medical records, the ongoing nature of his pain and lack of evidence showing medical treatment since November 2022 is concerning. The defendants have not yet responded, but for efficiency's sake, I nonetheless address Smith's motion. For now, I deny Smith's request for an injunction, but I order the defendants to show cause by July 7, 2023, whether Smith has received medical attention or treatment since November 2022, which is the last time the record indicates he was seen by a medical professional. Based on the defendants' representations about Smith's more recent medical care, I will decide at that juncture whether injunctive relief may be appropriate.

---

[1] He also separately moves for the appointment of counsel for the fourth time in this case. ECF No. 61. Just as Magistrate Judge Elayna J. Youchah ruled on Smith's other motions seeking counsel, she will decide this motion in due course. I will therefore not address it in this order but acknowledge for Smith's awareness that it has been received and filed in this case.

I. Background

In Smith's second motion for an injunction—filed in December 2022—he argued that he was not receiving medical care. ECF No. 23. The defendants responded—in January 2023—that "NDOC [was] providing medical care" and that "Smith's allegation that he has not received pain medication in two months [was] contradicted by the record." ECF No. 26 at 10. In April 2023, I denied Smith's motion on three grounds. ECF No. 44. First, I denied it because he failed to address the factors that I must weigh in determining the propriety of injunctive relief. Second, I denied it based on evidence that the Nevada Department of Corrections (NDOC) filed with the court, indicating that Smith was receiving medical care, despite his contrary assertions. *See id.* at 4 (citing ECF Nos. 26 at 4, 28-3, 28-5 at 2). And third, I denied it because Smith did not identify what relief he was seeking.

II. Discussion

In his latest motion for injunctive relief, Smith asks that I "step in and help [him] get some type of pain pill and assistance from medical." ECF No. 63 at 1. Again, he asserts that he has not been seen by any medical staff and has not been given pain medication since November 2, 2022,[2] "which was [the date of his] last kite asking for pain meds after they tried to give [him] medication they willingly knew [he] had a reaction to[]." *Id.* He explains that he refused to take that pain medication, Cymbalta, because medical had indicated that Cymbalta was "discontinued" from Smith's medication regimen. *Id.* at 1–2. In support of this, he attaches a copy of a medical kite in which prison staff responded "Cymbalta discontinued. Lyrica started." *Id.* at 5. The kite form is somewhat difficult to read, but it appears that he filed it in April 2021. *Id.* It is unclear when prison staff responded to it. *See id.* Smith asserts that he "need[s] a pain pill [and] need[s] to be seen by medical" because he seemingly has not been given medication. *Id.* at 1–2.

The defendants have not yet responded to Smith's latest motion. In the interests of justice and judicial efficiency, I resolve Smith's motion without waiting for the defendants to

---

[2] Smith's motion says "11/2/23," but I assume that he means 2022. ECF No. 63 at 1.

respond. *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding"). As I indicated in my previous order denying Smith's second motion for an injunction, "a party seeking an injunction must prove that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." ECF No. 44 at 4 (citing *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008))). These are commonly known as the *Winter* factors. Because I included these in my last order (ECF No. 44), Smith was on notice that addressing those factors is a requirement for properly filing a motion seeking an injunction. If Smith seeks injunctive relief in this case again, he must address each of these four factors. Because he does not address them in this motion, I deny it on that basis.

As noted above, in their response to Smith's last motion for an injunction, the defendants filed some of Smith's medical records under seal. ECF No. 28. Those records indicate that Smith was seen by a medical professional at "LV Neurosurgery" on November 18, 2022, for low-back pain and bilateral leg pain. ECF No. 28-3 at 2–4. Medical staff at LV Neurosurgery indicated that follow-up was needed, ordering "new films" and an MRI of Smith's lumbar spine. *Id.* at 4. No medical records after November 2022 appear to have been filed in this case. It is therefore unclear whether Smith received the follow-up MRI that was ordered, whether he has been seen by medical staff since November 2022, or whether he is currently taking—or has been prescribed—medication for his continued back and leg pain. As such, I order the defendants to show cause by July 7, 2023, whether there are any updates on those issues following November 2022.

It is true that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 829 (1994) (citing *Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*,

429 U.S. 97 (1976)). But a mere "[d]ifference of opinion does not amount to a deliberate indifference to [an inmate's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). It could be that Smith believes that he should be receiving a different type of treatment than he is—in which case, injunctive relief would be improper. But because the record is unclear what, if any, medical treatment Smith has received since November 2022—as the last injunction motion was decided based on records submitted months ago—I order the defendants to provide more information about Smith's treatment so that I have a more complete picture of Smith's circumstances. Once the defendants respond, I will determine what steps, if any, I will take next. If the defendants fail to timely respond or if they fail to demonstrate that Smith has received adequate medical care since November 2022, I may consider allowing Smith to renew this motion.

### III. Conclusion

IT IS THEREFORE ORDERED that Smith's motion for an injunction **[ECF No. 63] is DENIED without prejudice.**

IT IS FURTHER ORDERED that the defendants must SHOW CAUSE by July 7, 2023, (1) whether Smith ever received the follow-up medical treatment (MRI of his lumbar spine) that was indicated in his November 2022 medical records, (2) when Smith was last seen by medical staff for his back and leg pain, and (3) whether Smith is currently being directed to take any pain medication. Failure to timely respond to the show-cause order could result in this motion's renewal.

DATED: June 12, 2023

_____
Cristina D. Silva
United States District Judge