AARON D. FORD
  Attorney General
MAYRA GARAY (Bar No. 15550)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way
Suite 100
Las Vegas, Nevada 89119
(702) 486-3788 (phone)
(702) 486-3768 (fax)
Email: mgaray@ag.nv.gov

*Attorneys for Defendants Kerry McCullah,
Martin Naughton, and Lorenzo Villegas*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEITON SMITH,<br><br>            Plaintiff,<br><br>v.<br><br>NDOC, *et al.*,<br><br>            Defendants. | Case No. 2:22-cv-00872-CDS-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DEADLINE TO FILE DISPOSITIVE MOTIONS (FIRST JOINT REQUEST)** |

Plaintiff Keiton Smith, *pro se*, and Defendants, Kerry McCullah, Martin Naughton, and Lorenzo Villegas, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Mayra Garay, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby respectfully submit the following Stipulation and Order to Extend Deadline to File Dispositive Motions outlined in ECF No. 146.

## I. BACKGROUND

This is a pro se prisoner 42 U.S.C § 1983 civil rights claim brought by inmate Keiton Smith (Smith). On September 9, 2024, the Court entered a new scheduling order noting that there was no "applicable scheduling order" in place. ECF No. 129. The Scheduling Order provided a discovery deadline of December 20, 2024, and required that "any written discovery requests ... be placed in the mail no later than November 15, 2024." *Id.* at 1:23-25. The Court additionally provided a dispositive motions deadline of January 20, 2025. *Id.*

Page 1

at 1:26.

Following the unexpected departure of Defendants' former counsel, Defendants requested an extension to file a dispositive motion on January 10, 2025. ECF No. 146. Undersigned Counsel became counsel of record for Defendants on January 23, 2025. ECF No. 148. Defendants responded to all outstanding discovery requests and served Smith their first supplemental disclosures of witnesses and documents by February 4, 2025. Currently, there are no outstanding discovery requests.

On February 11, 2025, Smith filed his Motion for Video Recording of Cell or Area Search regarding documents he claims went missing following a search of his cell. ECF No. 150. This Court granted Smith's motion ordering Defendants to obtain video footage of the search, if any, and to return Smith's documents related to this lawsuit. ECF No. 155. Defense Counsel meet and conferred with Smith on March 14, 2025 to inquire when the search occurred as that was not indicated in his motion and what documents are currently missing that Defense Counsel can immediately provide while Defense Counsel investigates and obtains the cell search video footage and the property that Smith claims is missing. During this discussion, Defense Counsel asked Smith if in light of the missing documents he would like to make a joint request to extend the current deadline for dispositive motions. Smith agreed noting that he is unable to detail the documents that he claims are missing so having more time to determine what is missing would enable him to better prepare for his opposition to Defendants' dispositive motion. In an abundance of caution, Defense Counsel agreed to resend all of Defendants' disclosures, including his medical file, which may contain the medical kites that Smith claims are missing. Defense Counsel also offered to print and send him copies of any court filings from this matter that Smith believes are missing. Smith again reiterated that he would need more time to go through his property to determine what filings if any are missing.

## II.    LEGAL STANDAND

A stipulation is an agreement between the parties as to a fact of the case, and, as such, it is evidence introduced by both of the parties. *U.S. v. Hawkins*, 215 F.3d 858, 860

(8th Cir. 2000). Stipulations relating to proceedings before the court... must be in writing and signed by all parties who have appeared or their attorneys. LR 7-1(a). No stipulation relating to proceedings before the court ... are effective until approved by the court. LR 7-1(b).

A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. Local Rules of Practice (LR) 26-3. A motion or stipulation to extend a discovery deadline or to reopen discovery must include: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *McCart-Pollak v. On Demand Direct Response LLC*, Case No. 2:20-cv-01624-GMN-MDC, 2024 WL 3256517, at *3 (D. Nev. July 1, 2024) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *McCart-Pollak*, 2024 WL 3256517, at *3 (citing *CC.Mexicano. US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015)). If diligence is not established, the Court's inquiry should end. *McCart-Pollak*, 2024 WL 3256517, at *3 (citing *Johnson*, 975 F.2d at 609 (internal citation omitted)).

A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted. LR IA 6-1.

### III. LOCAL RULE 26-3 REQUIREMENTS

#### a. Discovery Completed

Defendants served initial and first supplemental disclosures pursuant to FRCP 26. Smith has not yet sent his initial disclosures but will do so in the next couple of weeks.

Smith served Defendants with several discovery requests, all of which Defendants have responded to. There is no outstanding discovery to be completed.

### b. Reasons For Extension of Dispositive Deadline

In light of Smith's claims that he is missing legal documents related to this case, Defense Counsel asked Smith if he would like to extend the dispositive motion deadline for 30 days and he agreed. This extension would allow Smith to specifically identify what documents related to this case he claims are missing and allow Defense Counsel to provide him new copies of these documents, regardless of the outcome of Defense Counsel's investigation regarding the missing property. The parties have worked together in good faith to conduct discovery and address Smith's claim that he is missing some of his legal documents. Defendants, in good faith and an abundance of caution to ensure the fairness of this litigation, propose this extension to provide Smith with the opportunity to obtain any documents he claims to be missing, even if the evidence later proves that his property was not in fact taken. The parties have discussed and outlined the discovery that the parties believe will be necessary and now propose these new deadlines for dispositive motions to the court.

### c. Proposed Schedule for Completing Remaining Discovery

The parties jointly propose the following scheduling plan:

| Deadline | Current Date | Proposed Date |
| --- | --- | --- |
| Discovery Motions | March 21, 2025 | April 21, 2025[1] |
| Dispositive Motions | April 21, 2025 | May 21, 2025 |

///
///
///
///

---

[1] Because 30 days from March 21, 2025 is Sunday, April 20, 2025, the next business day, Monday, April 21, 2025 is proposed instead.

In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty days after the decision on the dispositive motions or by further order of the court.

DATED this 14th day of March, 2025.   DATED this 14th day of March, 2025.

AARON D. FORD
Attorney General

By: _____       By: /s/ Mayra Garay _____
KEITON SMITH                                        MAYRA GARAY
*Pro se Plaintiff*                                  Deputy Attorney General
                                                    *Attorneys for Defendants*

**IT IS SO ORDERED:**

_____
U.S. MAGISTRATE JUDGE

Dated: March 17, 2025